UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FELIX GRIMES,

                Plaintiff,

       -against-

SAMINDRA SIL; MARILYN CARRETTA;
ALICE SIEGEL; JOSEPH NOLTE; STATE
INSURANCE FUND; JOHN ZENKOWITZ;
KAREN ANDERSON; MARTHA GOLDEN,

                Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-1066 (AMD)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 26 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge.

The *pro se* plaintiff filed this action on February 20, 2019, asserting a claim for employment discrimination based on Title VII of the Civil Rights Act of 1964. The plaintiff's submission includes an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons below, the plaintiff's request to proceed *in forma pauperis* is denied and the plaintiff is granted 14 days to pay the $400.00 filing fee.

## DISCUSSION

The purpose of the statute permitting litigants to proceed *in forma pauperis* is ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)); *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). The court may deny a plaintiff's request to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A); *Hobbs v. County of Westchester, et al.*, No. 00-CV-8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (The "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that

1

status based on their true net worth.'" (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997))). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. New York City Dep't of Envtl. Prot.*, No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases).

The financial declaration form that the plaintiff submitted does not clearly show the Court that he cannot pay the filing fee to commence this action. The declaration states that the plaintiff, who is retired, receives a pension in the amount of $4,900.00 and social security payments of $1,770.00. (ECF No. 2 at 1.) Moreover, the plaintiff states that he has $3,500.00 in a checking or savings account. Therefore, his declaration establishes that he has sufficient resources to pay the $400.00 filing fee to commence this action, and his request to proceed *in forma pauperis* is denied.

## CONCLUSION

The plaintiff is hereby granted 14 days leave from this Order to pay the $400.00 filing fee in order to proceed with this action. If the plaintiff fails to pay the $400.00 filing fee within 14 days, the action will be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                                 s/Ann M. Donnelly
                                                                         ANN M. DONNELLY
                                                                        United States District Judge

Dated: Brooklyn, New York
       February 27, 2019